

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 19  AM 8: 03

LORETTA G. WHYTE
     CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ISSAC HANDY, SR.                         CIVIL ACTION

VERSUS                                   NUMBER: 04-2961

TIM WILKINSON, WARDEN                    SECTION: "T"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the application for federal habeas corpus relief of petitioner, Isaac Handy, Sr., and the State's response thereto. (Rec. docs. 2, 11). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Handy's petition be dismissed with prejudice.

Petitioner Handy is a state prisoner who is currently incarcerated at the Winn Correctional Center, Winnfield, Louisiana. On May 26, 1999, Handy was found guilty of attempted possession of cocaine after trial, by jury, in the Criminal District Court for



the Parish of Orleans, State of Louisiana. On July 28, 1999, Handy was sentenced to twenty years at hard labor under LSA-R.S. 15:529.1.

Handy appealed his conviction to the Louisiana Fourth Circuit Court of Appeal which affirmed same in a published opinion on January 24, 2001. State v. Handy, 779 So.2d 103 (La. App. 4th Cir. 2001). Pursuant to Louisiana Supreme Court Rule X, §5(a), Handy had thirty days, or until February 23, 2001, within which to timely apply for writs from the Louisiana Supreme Court. See, e.g., Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000). Handy, however, did not sign his writ application until June 5, 2001. (St. ct. rec., vol. 1 of 2). The effect of that untimely filing was that Handy's conviction became final at the expiration of the thirty-day time period, or February 24, 2001. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)("conviction becomes final when the time for seeking further direct review in the state court expires"). The fact that the Louisiana Supreme Court ultimately denied Ratcliff's untimely writ application on March 28, 2002, State ex rel. Handy v. State, 812 So.2d 651 (La. 2002), is of no moment because his conviction had already become final. Roberts, 319 F.3d at 694-95.

On some unknown date in 2002, Handy, through counsel, submitted an application for post-conviction relief to the state trial court. Although that application was undated, it was

2

undoubtedly prepared subsequent to the Louisiana Supreme Court's denial of Handy's writ application on March 28, 2002 as it included a citation to that ruling. (St. ct. rec., vol. 2 of 2). That application was denied on November 15, 2002. (Id.). A recitation of the procedural history of Handy's later state court proceedings is unnecessary for a resolution of the matter at hand.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Handy now have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted above, Handy's conviction became final on February 24, 2001 when the thirty-day time period for him to timely seek writs from the Louisiana Supreme Court expired. At that point, the one-year limitation period set forth in §2244(d) began to run. By the time that Handy executed his application for post-conviction relief on some unknown date subsequent to March 28, 2002, the

limitation period had already expired, thus making his present habeas petition untimely. As no facts have been presented warranting the application of equitable tolling, Handy's petition is untimely and should be dismissed as such.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Isaac Handy, Sr. be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this _15th_ day of _July_, 2005.

_____
UNITED STATES MAGISTRATE JUDGE